**ESKIMO KOOLER CORPORATION,**
Plaintiff and Counter-Defendant-
Appellant,

v.

**ESKIMO PIE CORPORATION,** Defendant and Counter-Claimant-
Appellee.

**No. 11615.**

United States Court of Appeals
Seventh Circuit.

June 27, 1956.

Rehearing Denied Sept. 7, 1956.

David B. Perley, Wilkinson & Belroy, Chicago, Ill., for petitioner-appellant.

W. Lee Helms, New York City, Carl S. Lloyd, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

**4**

FINNEGAN, Circuit Judge.

Eskimo Kooler Corporation commenced this action against Eskimo Pie Corporation to recover damages and restrain the latter from interfering in the business of Eskimo Kooler. By its counterclaim, accompanying the answer to that complaint, Eskimo Pie Corporation asserted its house mark and trademark "Eskimo," and sought a permanent injunction against Eskimo Kooler Corporation. After taking parol and documentary evidence, the district court found the use of the name "Eskimo" by Eskimo Kooler Corporation constituted "trademark infringement or, in any event, unfair competition and should be enjoined" further concluding, as a matter of law: "The counter-defendant's (Eskimo Kooler Corporation) use of the business name Eskimo Kooler Corporation in the business of manufacturing and/or selling said cabinets is also wrongful, particularly in view of the circumstances of the selection and adoption of such name, and should be enjoined."

From the judgment order granting a permanent injunction against it, Eskimo Kooler Corporation has appealed. It should be noticed that the initial complaint filed by Eskimo Kooler Corporation was dismissed below for non-prosecution and the case proceeded solely upon the counterclaim and answer thereto, hence Eskimo Pie Corporation was put in the position of plaintiff and Eskimo Kooler Corporation became a defendant.

Our application of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C. (1952 ed.) leaves undisturbed the findings of fact and conclusions of law made by the district judge. Esquire, Inc., v. Varga Enterprises, 7 Cir., 1950, 185 F.2d 14, 20. According to these findings of fact, Eskimo Pie Corporation engaged in the business of manufacturing and selling "Eskimo Pie" and other "Eskimo" frozen food products, including an "Eskimo Kooler." That Eskimo Pie Corporation owns numerous and various U. S. Trade Mark Registrations using the word "Eskimo," is uncontested. Long before Eskimo Kooler Corporation began its business, Eskimo Pie Corporation's products were sold from refrigerated cabinets bearing the name "Eskimo" or "Eskimo Pie" and these names had been widely used on trucks, billboards, and other advertising media owned or supplied by Eskimo Pie Corporation or its franchisees. Nicholas C. Geovan, one organizer of Eskimo Kooler Corporation had been president of the Drexel Ice Cream Company of Chicago, Illinois, and during the period 1928 to 1945 that Company held a franchise from Eskimo Pie Corporation. Consequently the trial judge found that Geovan knew all about Eskimo Pie Corporation's method of doing business and was well aware of its Eskimo name and trademarks. We notice that the district court particularly found that Eskimo Kooler Corporation " * * * offered no explanation of its deliberate adoption of this name, which incorporated not only the word Eskimo which was * * * [Eskimo Pie Corporation's] primary trade-mark and the dominant part of its business name, but also the word Kooler spelled with a K, the same as in * * * [Eskimo Pie Corporation's] specific mark Eskimo Kooler." The facts found culminated in holding that the practices and acts of Eskimo Kooler Corporation involved likelihood of confusion and misleading of the public. We would add this statement [from the record] made by counsel for Eskimo Kooler Corporation during the trial below: " * * * for the sake of the record, and to shorten this matter, I, our side, will admit that 'Eskimo Pie' has *enormous advertising and they are* known throughout the United States. In fact, it is common knowledge * * *."

█ Despite Eskimo Kooler Corporation's contrary assertion, this case involving Federal trade-mark registrations and unfair competition, is controlled by Federal Law. Bulova Watch Co. v. Stolzberg, D.C.Mass.1947, 69 F.Supp. 543.

█ Under Judge Lindley's opinion, reported as California Fruit Growers Exchange v. Windsor Beverages, Ltd., 7 Cir., 1941, 118 F.2d 149, Eskimo Pie Corporation has the right to protect its

business name and trade-mark "Eskimo" and for this reason Eskimo Kooler Corporation's argument about the non-exclusiveness of the word "Eskimo" receives a cool reception.

After canvassing this record, we are fully satisfied that the findings concerning confusion are amply supported. Independent Nail & Packing Co., Inc., v. Stronghold Screw Products, Inc., 7 Cir., 1953, 205 F.2d 921. Eskimo Kooler Corporation having started an action, was caught in the inevitable and unenviable dilemma of a counterclaim for the very claims they had first levied against Eskimo Pie Corporation. Unable to retreat, Eskimo Kooler Corporation unsuccessfully sought to resist the action against them. Upon exposure to the facts found below, we find Eskimo Kooler Corporation's multiple points melt away even in the climate of judicial opinions it relies upon.

The district court's judgment is affirmed.

Judgment affirmed.